ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
    CRAIG YATES
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  CRAIG YATES, an individual; and          )  CASE NO. 07 2525
    DISABILITY RIGHTS ENFORCEMENT,           )  Civil Rights
13  EDUCATION, SERVICES: HELPING             )
    YOU HELP OTHERS, a California public     )  **COMPLAINT FOR INJUNCTIVE RELIEF**
14  benefit corporation,                     )  **AND DAMAGES:**
                                             )
15          Plaintiffs,                      )  **1st CAUSE OF ACTION:** For Denial of Access
                                             )  by a Public Accommodation in Violation of the
16  v.                                       )  Americans with Disabilities Act of 1990 (42
                                             )  U.S.C. §12101, *et seq.*)
17  D & A CAFÉ INC.; XAIN S. HUANG and       )
    CINDY Q. CAO, as trustees of the XAIN    )  **2nd CAUSE OF ACTION:** For Denial of Full
18  HUANG and CINDY CAO LIVING               )  and Equal Access in Violation of California
    TRUST,                                   )  Civil Code §§54, 54.1 and 54.3
19                                           )
            Defendants.                      )  **3rd CAUSE OF ACTION:** For Denial of
20  _____  )  Accessible Sanitary Facilities in Violation of
                                                California Health & Safety Code §19955, *et seq.*

21                                              **4th CAUSE OF ACTION:** For Denial of
                                                Access to Full and Equal Accommodations,
22                                              Advantages, Facilities, Privileges and/or
                                                Services in Violation of California Civil Code
23                                              §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                              **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants D & A
4 CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and
5 CINDY CAO LIVING TRUST and allege as follows:

6 **INTRODUCTION:**

7     1.    This is a civil rights action for discrimination against persons with physical
8 disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are
9 members, for failure to remove architectural barriers structural in nature at defendants' D & A
10 CAFÉ, a place of public accommodation, thereby discriminatorily denying plaintiffs and the
11 class of other similarly situated persons with physical disabilities access to, the full and equal
12 enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
13 accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the
14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
15 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16     2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17 June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January 11, 2007, January 25, 2007
18 and February 1, 2007, was an invitee, guest, patron, customer at defendants' D & A CAFE, in the
19 City of Oakland, California. At said time and place, defendants failed to provide proper legal
20 access to the restaurant, which is a "public accommodation" and/or a "public facility" including,
21 but not limited to the entrance, interior path of travel and restrooms. The denial of access was in
22 violation of both federal and California legal requirements, and plaintiff CRAIG YATES
23 suffered violation of his civil rights to full and equal access, and was embarrassed and
24 humiliated.

25 **JURISDICTION AND VENUE:**

26     3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
27 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
28 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
2  California law, whose goals are closely tied with the ADA, including but not limited to violations
3  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
4  *seq.*, including §19959; Title 24 California Building Standards Code.

5      4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
6  founded on the facts that the real property which is the subject of this action is located at/near is
7  located at/near 702 Webster Street , in the City of Oakland, County of Alameda, State of
8  California, and that plaintiffs' causes of action arose in this county.

9  **PARTIES:**

10     5.     Plaintiff CRAIG YATES  is a "physically handicapped person", a "physically
11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
12  disabled", "physically handicapped" and "person with physical disabilities" are used
13  interchangeably, as these words have similar or identical common usage and legal meaning, but
14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
16  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
17  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
18  and United States laws. Plaintiff is a paraplegic. Plaintiff CRAIG YATES requires the use of a
19  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
20  portion of the public whose rights are protected by the provisions of Health & Safety Code
21  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
22  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51and 51.5 the
23  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
24  §12101, *et seq.*

25     6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
27  with persons with disabilities to empower them to be independent in American society. DREES
28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  rights of persons with disabilities, and the provision of services to persons with disabilities, the
2  general public, public agencies and the private business sector. DREES brings this action on
3  behalf of its members, many of whom are persons with physical disabilities and whom have
4  standing in their right to bring this action.

5      7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests
6  and invitees at the subject D & A CAFÉ, and that the interests of plaintiff DREES in removing
7  architectural barriers at the subject café advance the purposes of DREES to assure that all public
8  accommodations, including the subject café, are accessible to independent use by mobility-
9  impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in
10  nature.

11      8.    Defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as
12  trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, (hereinafter alternatively
13  collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or
14  agents of the owners, lessors and/or lessees, of the public accommodation known as D & A
15  CAFE, located at/near 702 Webster Street, Oakland, California, or of the building and/or
16  buildings which constitute said public accommodation.

17      9.    At all times relevant to this complaint, defendants D & A CAFÉ INC.; XAIN S.
18  HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING
19  TRUST, own and operate in joint venture the subject D & A CAFÉ as a public accommodation.
20  This business is open to the general public and conducts business therein. The business is a
21  "public accommodation" or "public facility" subject to the requirements of California Civil Code
22  §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C.
23  §12101, *et seq.*

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1      10.    At all times relevant to this complaint, defendants D & A CAFÉ INC.; XAIN S.

2   HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING

3   TRUST, are jointly and severally responsible to identify and remove architectural barriers at the

4   subject pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

5   pertinent part:

6              **§ 36.201        General**

7                      (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
8              accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
9              requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
10             be determined by lease or other contract.

11             28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13     11.    The D & A CAFE, is a restaurant, located at/near 702 Webster Street, Oakland,

14  California. The D & A CAFE, its entrance, interior path of travel, restrooms, and its other

15  facilities are each a "place of public accommodation or facility" subject to the barrier removal

16  requirements of the Americans with Disabilities Act. On information and belief, each such

17  facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

18  which has subjected the D & A CAFÉ and each of its facilities, its entrance, interior path of

19  travel, restrooms to disability access requirements per the Americans with Disabilities Act

20  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

21     12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

22     13.    At all times referred to herein and continuing to the present time, defendants, and

23  each of them, advertised, publicized and held out the D & A CAFÉ as being handicapped

24  accessible and handicapped usable.

25     14.    On or about June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January

26  11, 2007, January 25, 2007 and February 1, 2007, plaintiff CRAIG YATES was an invitee and

27  guest at the subject D & A, for purposes of purchasing food and drinks.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    15.    On or about June 1, 2006, plaintiff CRAIG YATES wheeled to the entrance of

2  D&A CAFÉ but could not gain entrance due to an approximately four to six (4-6) inch threshold.

3  Plaintiff CRAIG YATES then tripped on the glass door with his legs. He couldn't get anyone's

4   attention, so he used his cell phone, called the café and asked that someone come out and take

5  his order from the sidewalk. This the defendants' did.

6    16.    On or about June 6, 2006, Plaintiff wrote the landlord and tenant about the access

7  problem.

8    17.    On or about June 11, 2006, the tenant responded to plaintiff CRAIG YATES

9   request that remedial measures be undertaken and stated that an application was made to the

10  City and it would take approximately two months to do the work. Further, a bell to summon an

11  employee had been installed.

12    18.    On or about June 12, 2006, plaintiff CRAIG YATES returned to D&A CAFÉ and

13  did not see a bell. Plaintiff CRAIG YATES then used his key to tap on the glass door. An

14  employee came out and took his order from the sidewalk.

15    19.    On or about June 16, 2006, plaintiff CRAIG YATES wrote the tenant and

16  informed the tenant that he did not see any bell and assumed the remedial work would be done by

17  October 2006.

18    20.    On or about July 12, 2006, plaintiff returned to D&A CAFÉ and saw the bell and

19  placard. Plaintiff CRAIG YATES rang the bell. Plaintiff secured a to go order.

20    21.    On or about December 4, 2006, plaintiff wrote D&A CAFÉ and informed them

21  that he had driven by in October and did not see a ramp and inquired when one would be

22  forthcoming.

23    22.    On or about December 15, 2006, the tenant wrote to plaintiff CRAIG YATES

24  informing him about the portable ramp and that in May, D&A had made application to the City

25  for a ramp and restroom. That the permit, should be ready at anytime and that D&A would

26  notify the plaintiff CRAIG YATES, when the work was completed.

27    23.    On or about January 25, 2007, plaintiff CRAIG YATES returned to the D&A

28  CAFÉ. Plaintiff CRAIG YATES rang the bell. An employee came to the door. Plaintiff asked

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  that the portable ramp be brought out. Defendants brought out a dangerously short ramp out.

2  Plaintiff CRAIG YATES attempted to power up the ramp, but defendants could not get the right

3  door (of the double doors) to open. Plaintiff CRAIG YATES scraped his hand in the process of

4  getting into the restaurant but could go no further because of a partition and newspaper rack.

5  Plaintiff CRAIG YATES ordered and left.

6      24.     On or about but between January 25, 2007 and February 1, 2007, plaintiff CRAIG

7  YATES contacted the Building Department for the City of Oakland. Plaintiff inquired whether

8  any application for permits or any other request had been made to allow ramps or restroom

9  remedial work to take place at the D&A CAFÉ location. Plaintiff was informed that no such

10 application or request was reflected in the Building's file.

11     25.     On or about February 1, 2007, plaintiff returned to D&A CAFÉ. There still was

12 no ramp, into the restroom. Plaintiff CRAIG YATES ordered food to go.

13     26.     At all times stated herein, plaintiff is informed and believes that the unisex

14 restroom at D&A CAFÉ was not accessible or usable in anyway.

15     27.     Therefore, at said times and place, plaintiff CRAIG YATES , a person with a

16 disability, encountered the following inaccessible elements of the subject D&A CAFÉ which

17 constituted architectural barriers and a denial of the proper and legally-required access to a public

18  accommodation to persons with physical disabilities including, but not limited to:

19          a.     lack of an accessible entrance;

20          b.     lack of an accessible dining area; 5% compliance requirement;

21          c.     lack of a handicapped-accessible public restroom;

22          d.     lack of an interior path of travel to the dining table;

23          e.     On personal knowledge, information and belief, other public facilities and
               elements too numerous to list were improperly inaccessible for use by
24             persons with physical disabilities.

25     28.     At all times stated herein, the existence of architectural barriers at defendants'

26 place of public accommodation evidenced "actual notice" of defendants' intent not to comply

27 with the Americans with Disabilities Act of 1990 either then, now or in the future.

28

29.    On or about June 6, 2006, June 16, 2006 and December 4, 2006, defendant(s) were sent letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants wrote plaintiff CRAIG YATES back stating the remedial measures should be completed in a couple of months. Eight months have lapsed since plaintiff CRAIG YATES first letter and the disabled still cannot get through the front door of the restaurant.

30.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

31.    As a legal result of defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

32.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about January 25, 2007, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  architectural barriers.  Specifically, as a legal result of defendants negligence in the design,
2  construction and maintenance of the existing narrow double doors, plaintiff CRAIG YATES
3  scraped his hand on one of the entry doors).  Further plaintiff CRAIG YATES suffered emotional
4  distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to,
5  shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally
6  associated with a person with physical disabilities being denied access, all to his damages as
7  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for
8  mental and emotional distress over and above that usually associated with the discrimination and
9  physical injuries claimed, and no expert testimony regarding this usual mental and emotional
10  distress will be presented at trial in support of the claim for damages.

11      33.    Defendants', and each of their, failure to remove the architectural barriers
12  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
13  accommodation, and continues to create continuous and repeated exposure to substantially the
14  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

15      34.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights
16  to equal access to a public facility by defendants D & A CAFÉ INC.; XAIN S. HUANG and
17  CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, because
18  defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN
19  HUANG and CINDY CAO LIVING TRUST, maintained a cafe without access for persons with
20  physical disabilities to its facilities, including but not limited to the entrance, interior path of
21  travel, restrooms, and other public areas as stated herein, and continue to the date of filing this
22  complaint to deny equal access to plaintiff and other persons with physical disabilities in these
23  and other ways.

24      35.    On information and belief, construction alterations carried out by defendants have
25  also triggered access requirements under both California law and the Americans with Disabilities
26  Act of 1990.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

36.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the D&A CAFÉ to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the café as a public facility. Plaintiffs seek damages for violation of their civil rights on June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January 11, 2007, January 25, 2007 and February 1, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from returning to the café because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

37.    On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

38.    Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendants to make the D&A CAFÉ accessible to persons with disabilities.

39.    On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other cafes, restaurants

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   and other public facilities, and to punish defendants and to carry out the purposes of the Civil

2   Code §§ 51, 51.5 and 54.

3        40.    On personal knowledge, information and belief, the basis of defendants' actual

4   and constructive notice that the physical configuration of the facilities including, but not limited

5   to, architectural barriers constituting the D&A CAFÉ and/or building(s) was in violation of the

6   civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

7   communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

8   businesses, notices they obtained from governmental agencies upon modification, improvement,

9   or substantial repair of the subject premises and other properties owned by these defendants,

10   newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990

11   and other access laws, public service announcements by former U.S. Attorney General Janet

12   Reno between 1993 and 2000, and other similar information. Defendants' failure, under state

13   and federal law, to make the D&A CAFÉ accessible is further evidence of defendants' conscious

14   disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite

15   being informed of such effect on plaintiff and other persons with physical disabilities due to the

16   lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to

17   take any steps to rectify the situation and to provide full and equal access for plaintiffs and other

18   persons with physical disabilities to the cafe. Said defendants, and each of them, have continued

19   such practices, in conscious disregard for the rights of plaintiffs and other persons with physical

20   disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had

21   further actual knowledge of the architectural barriers referred to herein by virtue of the demand

22   letter addressed to the defendants and served concurrently with the summons and complaint.

23   Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

24   with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

25   safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

26   damages per Civil Code §§52 and 54.3.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    41.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2  the disability community which it serves, consisting of persons with disabilities, would, could

3  and will return to the subject public accommodation when it is made accessible to persons with

4  disabilities.

5  I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

6    **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

7    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
    benefit corporation and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and

8    CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST,
    inclusive)

9    (42 U.S.C. §12101, *et seq.*)

10    42.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

11  the allegations contained in paragraphs 1 through 41 of this complaint.

12    43.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14  protect:

15        some 43 million Americans with one or more physical or mental
        disabilities; [that] historically society has tended to isolate and

16        segregate individuals with disabilities; [that] such forms of
        discrimination against individuals with disabilities continue to be a

17        serious and pervasive social problem; [that] the nation's proper
        goals regarding individuals with disabilities are to assure equality

18        of opportunity, full participation, independent living and economic
        self-sufficiency for such individuals; [and that] the continuing

19        existence of unfair and unnecessary discrimination and prejudice
        denies people with disabilities the opportunity to compete on an

20        equal basis and to pursue those opportunities for which our free
        society is justifiably famous.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ...
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> 42 U.S.C. §12181(7)(B)

46.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

47.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of D & A CAFÉ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    49.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
2  accomplishable and able to be carried out without much difficulty or expense." The statute
3  defines relative "expense" in part in relation to the total financial resources of the entities
4  involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that
5  plaintiffs complain of herein were and are "readily achievable" by the defendants under the
6  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
7  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
8  make the required services available through alternative methods which were readily achievable.

9    50.    On information and belief, construction work on, and modifications of, the subject
10  building(s) of D & A CAFÉ occurred after the compliance date for the Americans with
11  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III
12  of the ADA.

13    51.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
14  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
15  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
16  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
17  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
18  returning to or making use of the public facilities complained of herein so long as the premises
19  and defendants' policies bar full and equal use by persons with physical disabilities.

20    52.    42 U.S.C. 12188 (a)(1) states:, "Nothing in this section shall require a person with
21  a disability to engage in a futile gesture if such person has actual notice that a person or
22  organization covered by this title does not intend to comply with its provisions". Pursuant to this
23  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
24  February 1, 2007, but on information and belief, alleges that defendants have continued to violate
25  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access
26  this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
27  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
28

1  facilities readily accessible to and usable by individuals with disabilities to the extent required by

2  this title".

3      53.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

4  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

5  the Americans with Disabilities Act of 1990, including but not limited to an order granting

6  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

7  deemed to be the prevailing party.

8      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

9  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
    IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
10     (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
11     benefit corporation, and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and
    CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST,
12     inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

13     54.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 53 of this complaint.

15     55.    At all times relevant to this action, California Civil Code §54 has provided that

16  persons with physical disabilities are not to be discriminated against because of physical

17  handicap or disability. This section provides that:

18          (a) Individuals with disabilities . . . have the same rights as
19      the general public to full and free use of the streets, highways,
        sidewalks, walkways, public buildings, medical facilities, including
20      hospitals, clinics, and physicians' offices, and other public places.

21     56.    California Civil Code §54.1 provides that persons with disabilities shall not be

22  denied full and equal access to places of public accommodation or facilities:

23          (a)(1) Individuals with disabilities shall be entitled to full
        and equal access, as other members of the general public, to
24      accommodations, advantages, facilities, medical facilities,
        including hospitals, clinics, and physicians' offices, and privileges
25      of all common carriers, airplanes, motor vehicles, railroad trains,
        motorbuses, streetcars, boats, or any other public conveyances or
26      modes of transportation (whether private, public, franchised,
        licensed, contracted, or otherwise provided), telephone facilities,
27      adoption agencies, private schools, hotels, lodging places, places of
        public accommodation, amusement or resort, and other places to
28      which the general public is invited, subject only to the conditions

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    and limitations established by law, or state or federal regulation, and applicable alike to all persons.

2

Civil Code §54.1(a)(1)

3    57.    California Civil Code §54.1 further provides that a violation of the Americans

4    with Disabilities Act of 1990 constitutes a violation of section 54.1:

5            (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

6            also constitutes a violation of this section. and nothing in this section shall be construed to limit the access of any person in

7            violation of that act.

8    Civil Code §54.1(d)

9    58.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

10   within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

11   the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural

12   barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

13   act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal

14   access to defendants' D&A. As a legal result, plaintiffs are entitled to seek damages pursuant to

15   California Civil Code §54.3(a) for each day on which they visited or have been deterred from

16   visiting the café because of their knowledge and belief that the café is inaccessible to persons

17   with disabilities. California Civil Code §54.3(a) provides:

18           Any person or persons, firm or corporation. who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and

19           54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and

20           any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less

21           than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of

22           the rights provided in Sections 54, 54.1 and 54.2.

23   Civil Code §54.3(a)

24   59.    On or about June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January

25   11, 2007, January 25, 2007 and February 1, 2007, plaintiff CRAIG YATES suffered violations of

26   §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to entrance,

27   interior path of travel, restrooms and other public facilities as stated herein at the D&A CAFÉ

28   and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing narrow double doors and the point of fixation, making the right door inoperable, plaintiff CRAIG YATES scraped his hand in attempting to pass through the doorway entrance). Plaintiff further suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January 11, 2007, January 25, 2007 and February 1, 2007 , and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

62.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

2  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

3  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

4  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

5  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

6  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

7  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

8      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

9  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
   FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

10  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

11  benefit corporation and Against Defendants
    D & A CAFE INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN

12  HUANG and CINDY CAO LIVING TRUST, inclusive)
    (Health & Safety Code §19955, *et seq.*)

13      63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

14  the allegations contained in paragraphs 1 through 62 of this complaint.

15      64.    Health & Safety Code §19955 provides in pertinent part:

16          The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the

17          provisions of Chapter 7 (commencing with Sec. 4450) of Division
            5 of Title 1 of the Government Code. For the purposes of this part

18          "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general

19          public and shall include auditoriums, hospitals, theaters,
            restaurants, hotels, motels, stadiums, and convention centers.

20          When sanitary facilities are made available for the public, clients or
            employees in such accommodations or facilities, they shall be

21          made available for the handicapped.

22      65.    Health & Safety Code §19956, which appears in the same chapter as §19955,

23  provides in pertinent part, "accommodations constructed in this state shall conform to the

24  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

25  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

26  public accommodations constructed or altered after that date. On information and belief,

27  portions of the D&A CAFÉ and/or of the building(s) were constructed and/or altered after July 1,

28  1970, and substantial portions of the café and/or the building(s) had alterations, structural repairs,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  and/or additions made to such public accommodations after July 1, 1970, thereby requiring said

2  café and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health

3  & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code

4  §19959.

5      66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

6  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

7  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

8  Regulations and these regulations must be complied with as to any alterations and/or

9  modifications of D&A CAFE and/or the building(s) occurring after that date. Construction

10  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

11  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

12  On information and belief, at the time of the construction and modification of said building, all

13  buildings and facilities covered were required to conform to each of the standards and

14  specifications described in the American Standards Association Specifications and/or those

15  contained in Title 24 of the California Building Standards Code.

16      67.    Restaurants such as the D&A CAFÉ are "public accommodations or facilities"

17  within the meaning of Health & Safety Code §19955, *et seq.*

18      68.    As a result of the actions and failure to act of defendants, and as a result of the

19  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

20  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

21  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

22  access to public facilities.

23      69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

24  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

25  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

26  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

27  and to take such action both in plaintiffs' own interests and in order to enforce an important right

28  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

2  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

3  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

4  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

5  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

6  party.

7       70.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

8  them, to make the subject place of public accommodation readily accessible to and usable by

9  persons with disabilities.

10      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

11 **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
     EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

12 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
     SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

13 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

14 benefit corporation, and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and
     CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST,

15 inclusive)
     (Civil Code §51, 51.5)

16
      71.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

17
   the allegations contained in paragraphs 1 through 70 of this complaint.

18
      72.     Defendants' actions and omissions and failure to act as a reasonable and prudent

19
   public accommodation in identifying, removing and/or creating architectural barriers, policies,

20
   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

21
   Unruh Act provides:

22
              This section shall be known, and may be cited, as the

23            Unruh Civil Rights Act.

24            All persons within the jurisdiction of this state are free and
              equal, and no matter what their sex, race, color, religion, ancestry,

25            national origin, or **disability** are entitled to the full and equal
              accommodations, advantages, facilities, privileges, or services in

26            all business establishments of every kind whatsoever.

27            This section shall not be construed to confer any right or
              privilege on a person that is conditioned or limited by law or that is

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        applicable alike to persons of every sex, color, race, religion,
ancestry, national origin, or **disability.**

2

3        Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,

4    alteration, repair, or modification that is otherwise required by
other provisions of law, to any new or existing establishment,

5    facility, building, improvement, or any other structure . . . nor shall
anything in this section be construed to augment, restrict, or alter in

6    any way the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect

7    otherwise possesses pursuant to other . . . laws.

8        A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)

9    shall also constitute a violation of this section.

10    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

11    "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

12    failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

13    failing to act to identify and remove barriers can be construed as a "negligent per se" act of

14    defendants, and each of them.

15        73.    The acts and omissions of defendants stated herein are discriminatory in nature

16    and in violation of Civil Code §51.5:

17        No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell

18    to, or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of

19    the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,

20    suppliers, or customers.

21        As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,

22    limited liability company, or company.

23        Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

24    modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other

25    provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall

26    anything in this section be construed to augment, restrict or alter in
any way the authority of the State Architect to require construction,

27    alteration, repair, or modifications that the State Architect
otherwise possesses pursuant to other laws.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq.*, as if repled herein.

75.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing doors each of which is too narrow and negligence in assuring the right door will open to 90 degrees, plaintiff CRAIG YATES scraped his hand thereby injuring himself as he attempted to pass through the double doors). Plaintiff further suffered , physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

I.   **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive) (42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive, D&A CAFE, located at 702 Webster Street, Oakland California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

II.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive, D&A CAFE, located at 702 Webster Street, Oakland California, readily accessible to and usable by individuals with disabilities, per state law.

2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

2  Procedure §1021.5, if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    For all costs of suit;

5    6.    Prejudgment interest pursuant to Civil Code §3291;

6    7.    Such other and further relief as the court may deem just and proper.

7  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
   **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
8  **AND 54.3, *ET SEQ.***
   (On Behalf of Plaintiff CRAIG YATES, and Against Defendants
9  D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN
   HUANG and CINDY CAO LIVING TRUST, inclusive),
10 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11   1.    General and compensatory damages according to proof.

12 **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
   **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
13 **§19955, *ET. SEO.***
   (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
14 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendants D & A CAFÉ INC.; XAIN S. HUANG and CINDY
15 Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive)
   (Health & Safety code §19955, *et seq.*)
16
     1.    For injunctive relief, compelling defendants defendants D & A CAFÉ INC.;
17
   XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO
18
   LIVING TRUST, inclusive, D&A CAFE, located at 702 Webster Street, Oakland California,
19
   readily accessible to and usable by individuals with disabilities, per state law.
20
     2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,
21
   and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;
22
     3.    For all costs of suit;
23
     4.    For prejudgment interest pursuant to Civil Code §3291;
24
     5.    Such other and further relief as the court may deem just and proper.
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1   **V.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
2        FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
         PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
3        CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
         (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
4        EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
         corporation and Against Defendants D & A CAFE INC.; XAIN S. HUANG and CINDY
5        O. CAO. as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST, inclusive)
         (California Civil Code §§51, 51.5, *et seq.*)

6        1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

7   and for each occasion on which plaintiffs were deterred from returning to the subject public

8   accommodation;

9        2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

10  prevailing party;

11       3.    Treble damages pursuant to Civil Code §52(a);

12       4.    For all costs of suit;

13       5.    Prejudgment interest pursuant to Civil Code §3291; and

14       6.    Such other and further relief as the court may deem just and proper.

15

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants
D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN
HUANG and CINDY CAO LIVING TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _____, 2007        THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*


                           By: _____
                                   THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                   RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                                   HELPING YOU HELP OTHERS, a California public
                                   benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____, 2007        THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*


                           By: _____
                                   THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                   RIGHTS, ENFORCEMENT, EDUCATION, SERVICES
                                   :HELPING YOU HELP OTHERS, a California public
                                   benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

June 6, 2006

Manager
D&A Café
702 Webster St.
Oakland, CA 94607-4228

Dear Manager of D&A Cafe:

Recently, I visited D&A Café after shopping at New Tin Market. As I use a wheelchair, I had problems with your entrance. You can't get in if you have a wheelchair. The front entrance has a step. Is there another entrance I didn't know about? I think you could make it accessible by cutting in a ramp through the front door. It would kind of be like an alcove or maybe put in another door with a lift.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the D&A Cafe once it's accessible to me. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

June 6, 2006

Owner of Building
D&A Café
702 Webster St.
Oakland, CA 94607-4228

Dear Owner of Building for D&A Cafe:

Recently, I visited D&A Café after shopping at New Tin Market. As I use a wheelchair, I had problems with your entrance. You can't get in if you have a wheelchair. The front entrance has a step. Is there another entrance I didn't know about? I think you could make it accessible by cutting in a ramp through the front door. It would kind of be like an alcove or maybe put in another door with a lift.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the D&A Cafe once it's accessible to me. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

D & A Café
702 Webster Street
Oakland, CA 94607

Dear Craig,

Thank you for your interest at D & A Café & your helpful information about ADA. We actually had a plan going on to make our restaurant handicap accessible. We have submitted an application to the city and still waiting for the permit to be issued. Once we have the permit, we will start working on it. Our estimate is that we should have everything ready in about two months. Meanwhile, if you wanted to come in before then, we already have a bell installed in our front door. So you can ring it and get assist to get in the restaurant. Again, thank you very much for your concerns. We look forward to serve you in the near future.

Sincerely,

Damon Kuang
Manager
6/11/06

*D&A Café*
*— potential*
*Case*

Craig Thomas Yates
1004 Los Gamos Rd. Unit E
San Rafael, Ca. 94903

June 16. 2006

D&A Café
702 Webster St.
Oakland, Ca. 94607

Dear Manager, Damon Kuang,

I appreciate your letter, the contents indicating you're in the process of remedying the issues of accessibility through out your restaurant, D&A Café. You so stated the expected time of resolution for all this work to be two months, so being I hope to see this completed by October 2006. I have gone to your restaurant many times, food is very appealing, but never saw this bell you said is installed? If you have said bell, do place it on the outside, since I'm in a wheelchair and can't reach your front door. Also, do put an ADA placard with instructions next to it, so people can acknowledge the use of said bell.

Thank you,

Craig Thomas Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

December 4, 2006

Damon Kuang, Manager
D&A Café
702 Webster St.
Oakland, CA 94607-4228

Dear Mr. Kuang:

I last wrote you June of this year following your letter to me of June 11, 2006. I was by the restaurant in October and didn't see any ramp to get into the restaurant. I did see the sign though. When will the work be done?

I assume you already got your permit and the work is just a little behind. So, when will D&A have the ramp? Let me know in the next week.

Thank you for considering my request.

Thank You,

Craig Yates

**D & A Café**
702 Webster Street
Oakland, CA 94607

ing,

Thank you again for your interest on D & A . Sorry that I forgot to tell you last time that we actually had a removable ramp to assist handicap people. We had actually assisted many customers since we had the ramp.

Back in May, we have submitted the application for the handicap restroom & ramp. The city responded by sending a health inspector to our restaurant and cited numerous upgrades needed to bring us up to the current health code before issuing the permit. We since have done all the upgrades besides one, that is the make up air system that required another permit and professional installation. The permit should be ready anytime. We will start the installation as soon as we get the permit. And once the inspector approves it, will issue the handicap work permit that we can finish this job. We will notify you when everything is done.

Thank you again for your interest in D & A, and we look forward to serve you.

Sincerely,

Damon Kuang
Manager
12/15/06

AO 440 (Rev 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES: HELPING
YOU HELP OTHERS, a California public benefit
corporation,

**E-Filing**

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

**C 07 2525**

D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q.
CAO, as trustees of the XAIN HUANG and CINDY CAO
LIVING TRUST,

TO:

**EMC**

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAY 1 1 2007

_____          _____
CLERK                           DATE

MARY ANN BUCKLEY

_____
(BY) DEPUTY CLERK

ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
 CRAIG YATES
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES; HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>         Plaintiffs,<br><br>v.<br><br>D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST,<br><br>         Defendants. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

## SERVICE LIST

**CRAIG YATES v. D & A CAFÉ, INC.**
**Case No.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Xain S. Huang trustee
Xain Huang ans Cindy Cao Living Trust
346 7th Street
Oakland, Ca 94607

Cindy Q. Cao trustee
Xain Huang ans Cindy Cao Living Trust
346 7th Street
Oakland, Ca 94607

Damon Kuang - Agent
D & A Café Inc.
29 Kara Rd.
Alameda, CA 94502

JS-44 - CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,

**DEFENDANTS**

D & A CAFÉ INC.; XAIN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG and CINDY CAO LIVING TRUST,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S PLAINTIFF CASES)

MARIN County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.    Alameda County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[ ] 1 U.S. Government Plaintiff

[X] 3 Federal Question
(U.S. Government Not a Party)

[ ] 2 U.S. Government Defendant

[ ] 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] Original Proceeding

[ ] Removed from State Court

[ ] Remanded from Appellate Court

[ ] Reinstated or Reopened

[ ] Transferred from Another district (specify)

[ ] Multidistrict Litigation

[ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault Libel & Slander<br>[ ] 330 Federal Employers Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury Med Malpractice<br>[ ] 365 Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 RR & Truck<br>[ ] 650 Airline Regs<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt Relations<br>[ ] 730 Labor/Mgmt Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl.Ret. Inc Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (US Plaintiff or Defendant<br>[ ] 871 IRS - Third Party 26 USC 7609 | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Satellite TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing<br>[X] 444 Welfare<br>[ ] 440 Other Civil Rights<br>[X] 445 Amer w/ disab - Empl<br>[X] 446 Amer w/ disab - Other | [ ] 510 Motion to Vacate Sentence Habeas Corpus<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE, DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

## VII. REQUESTED IN COMPLAINT: [ ] CHECK IF THIS IS A CLASS ACTION    DEMAND $_____  CHECK YES only if demanded in complaint:

UNDER F.R.C P 23     JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE  5/10/07        SIGNATURE OF ATTORNEY OF RECORD