HAROLD P. SMITH, ESQ. (SBN: 126985)
DAVID LIHWEI LIN, ESQ. (SBN: 243448)
DHILLON & SMITH
214 Grant Avenue, Suite 400
San Francisco, CA 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendant
D & A Café

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DIABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation<br><br>        Plaintiffs,<br><br>v.<br><br>D & A CAFÉ INC.; XIAN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG AND CINDY CAO LIVING TRUST,<br><br>        Defendants. | Case No. C 07 2525 MMC<br><br>**ANSWER OF D & A CAFÉ INC.**<br><br>**AND**<br><br>**CROSS-CLAIM**<br><br>JURY TRIAL DEMANDED |
| D & A CAFÉ INC.,<br><br>        Cross-claimant,<br><br>v.<br><br>XIAN S. HUANG and CINDY Q. CAO, as trustees of the XAIN HUANG AND CINDY CAO LIVING TRUST,<br><br>        Cross-defendants | |

///

Answer of D & A Café Inc. and Cross-Claim
Page 1

Defendant D & A Café Inc. ("Defendant") answers the unverified Complaint filed by Plaintiffs Craig Yates and Disability Rights Enforcement, Education Services ("Plaintiffs") on May 11, 2007, as follows:

1. Defendant denies the allegations of Paragraph 1.

2. Defendant admits that it was located in the City of Oakland, California at the times alleged in the Complaint. Except as thus expressly admitted, Defendant denies the allegations of Paragraph 2.

3. Defendant admits that this Court has subject matter jurisdiction over this action.

4. Defendant admits that the venue is proper.

5. The allegations of Paragraph 5 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 5, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 5.

6. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 6, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 6.

7. The last sentence of Paragraph 7 constitutes legal conclusions to which no response is required. To the extent that a response is required for this Paragraph, Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 7, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 7.

8. Defendant admits that it is the owner and operator of D & A Café and that it was the lessee of the building located at 702 Webster Street, Oakland, California at the relevant times herein. Except as thus expressly admitted, Defendant denies the allegations of Paragraph 8.

9. The last sentence of Paragraph 9 constitutes legal conclusions to which no response is required. Defendant admits that it is the owner and operator of D & A Café. Defendant further admits that D & A Café is open to the general public. Except as thus expressly admitted, Defendant denies the allegations of Paragraph 9.

10. The allegations of Paragraph 10 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 10.

11. Defendant admits that D & A Café is a restaurant. Defendant lacks sufficient knowledge to answer the allegation that the facility "has, since July 1, 1970, undergone 'alterations, structural repairs and additions . . . " and thereby denies the allegation. To the extent that the remaining allegations constitute legal conclusion, no response is required. To the extent that a response is required from the remaining allegations, Defendant denies the allegations of Paragraph 11.

12. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 12, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 14, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 14.

15. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 15, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 15.

16. Defendant admits the allegation of Paragraph 16.

17. Defendant admits the allegation of Paragraph 17.

18. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 18, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 18.

19. Defendant admits the allegation of Paragraph 19.

20. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 20, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 20.

21. Defendant admits the allegation of Paragraph 21.

22. Defendant admits the allegation of Paragraph 22.

23 Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 23, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 23.

24. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 24, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 24.

25. Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 25, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 25.

26 Defendant denies the allegation of Paragraph 26.

27 The allegations of Paragraph 27 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 27.

28. The allegations of Paragraph 28 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegation that "the disabled still cannot get through the front door of the restaurant." Defendant admits the remaining allegations.

30. The allegations of Paragraph 30 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 30.

31. The allegations of Paragraph 31 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 31.

1      32.    The allegations of Paragraph 32 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 32.

    33.    The allegations of Paragraph 33 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 33.

    34.    Defendant denies the allegations of Paragraph 34.

    35.    The allegations of Paragraph 35 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 35.

    36.    Defendant states that the remedies sought by Plaintiffs in Paragraph 36 speak for themselves, but denies that Plaintiffs are entitle to any such remedies and denies the remaining allegations of Paragraph 36.

    37.    The allegations of Paragraph 37 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 37.

    38.    The allegations of Paragraph 38 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the remedy sought by Plaintiffs speaks for itself, but denies that Plaintiffs are entitled to any such remedy.

    39.    The allegations of Paragraph 39 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the remedies sought by Plaintiffs speak for themselves, but denies that Plaintiff are entitled to any such remedies and denies the remaining allegations.

    40.    The allegations of Paragraph 40 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 40.

41.     Defendant lacks sufficient knowledge and information upon which to answer the allegations of Paragraph 41, and basing its response on such lack of knowledge and information, denies the allegations of Paragraph 41.

**FIRST CLAIM FOR RELIEF**

42.     Defendant replead an incorporate by reference responses contained in Paragraphs 1 through 42 of this Answer.

43.     The allegations of Paragraph 43 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 43.

44.     The allegations of Paragraph 44 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 44.

45.     Defendant states that the statute speaks for itself, to which no response is required.

46.     Defendant states that the statute speaks for itself, to which no response is required.

47.     The allegations of Paragraph 47 constitute legal conclusions to which no response is required. To the extent that the allegations contained therein set forth legal remedies, Defendant denies that Plaintiffs are entitled to any such remedies.

48.     The allegations of Paragraph 48 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 48.

49.     The allegations of Paragraph 49 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 49.

50.     The allegations of Paragraph 50 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 50.

51.     The allegations of Paragraph 51 constitute legal conclusions to which no response is required. To the extent that the allegations contained therein set forth legal remedies, Defendant

denies that Plaintiffs are entitled to any such remedies and denies the remaining allegations of Paragraph 51.

52. The allegations of Paragraph 52 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 52.

### SECOND CLAIM FOR RELIEF

53. Defendant states that the remedies sought by Plaintiffs speak for themselves, but denies that Plaintiffs are entitled to any such remedies.

54. Defendant replead an incorporate by reference responses contained in Paragraphs 1 through 53 of this Answer.

55. The statute speaks for itself to which no response is required.

56. The statute speaks for itself to which no response is required.

57. The statute speaks for itself to which no response is required.

58. The statute speaks for itself, to which no response is required. To the extent that the allegations constitute legal conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 58.

59. The allegations of Paragraph 59 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 59.

60. The allegations of Paragraph 60 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 60.

61. The allegations of Paragraph 61 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 61.

///

///

///

### THIRD CLAIM FOR RELIEF

62. The allegations of Paragraph 62 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 62.

63. Defendant replead an incorporate by reference responses contained in Paragraphs 1 through 62 of this Answer.

64. The statute speaks for itself to which no response is required.

65. The statutes speak for themselves to which no response is required. To the extent that the remaining allegations constitute legal conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 65.

66. The allegations of Paragraph 66 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 66.

67. The allegations of Paragraph 67 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 67.

68. The allegations of Paragraph 68 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 68.

69. Defendant states that the remedies sought by Plaintiffs in Paragraph 69 speak for themselves, but denies that Plaintiffs are entitled to any such remedies and denies the remaining allegations of Paragraph 69.

70. Defendant states that the remedies sought by Plaintiffs in Paragraph 70 speak for themselves, but denies that Plaintiffs are entitled to any such remedies.

### FOURTH CLAIM FOR RELIEF

71. Defendant replead an incorporate by reference responses contained in Paragraphs 1 through 70 of this Answer.

72. The statute speaks for itself to which no response is required. To the extent that the remaining allegations constitute legal conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 72.

73. The statute speaks for itself to which no response is required.

74. The allegations of Paragraph 74 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 74.

75. The allegations of Paragraph 75 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 75.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

76. Defendant alleges that the Complaint, and each claim for relief contained therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

Second Affirmative Defense

77. Defendant alleges that Plaintiffs have not incurred any of the injuries herein alleged and, therefore, are not entitled to any of the money damages claimed.

Third Affirmative Defense

78. Defendant alleges that the alterations and remedies demanded by Plaintiffs were not "readily achievable" nor required by law.

Fourth Affirmative Defense

79. Defendant is informed and believe, and based thereon alleges, that the damages alleged in the Complaint were directly and proximately caused, in whole or in party, by the fault, recklessness, lack of due care, breach of contract and/or other conduct of third parties and/or their agents, employees, servants and contractors. Accordingly, if Plaintiffs are found to have sustained or to be entitled to any damages whatsoever, Defendant is not liable for those damages at all or is entitled to indemnification or contribution from third parties therefor.

///

Fifth Affirmative Defense

80. Defendant reserves the right to allege additional affirmative defenses upon the discovery of facts sufficient to support said defenses.

WHEREFORE, Defendant prays for judgment as follows:

81. That Plaintiffs' Complaint be dismissed in its entirety and that judgment be entered in favor of Defendant;

82. That Plaintiffs recover nothing by his Complaint;

83. That Defendant be awarded its costs incurred herein; and

84. For such other and further relief as the court may deem just and proper.

**CROSS-CLAIM**

COMES NOW Cross-Claimant D & A Café Inc. ("Cross-Claimant") and cross-claims against Cross-defendants Xain S. Huang and Cindy Q. Cao, as trustees of the Xain Huang and Cindy Cao Living Trust ("Cross-Defendants") as follows:

1. This Court has subject matter jurisdiction of the principal action under Article III, §2 of the United States Constitution and 28 USC §1331. The instant claim is a cross-claim under Fed. R. Civ. P. 13(g). This Court has supplemental jurisdiction over the cross-claim under 28 USC §1367(a).

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and is found upon the fact that the real property in question is located in this district, at Oakland, Alameda County, California, and that Plaintiffs' causes of action arose in this district.

3. Cross-Claimant is a California corporation and the owner and operator of D & A Café which was located at 702 Webster Street, Oakland, California at the times relevant herein.

4. Cross-Defendants are the owners and operators of the premises and/or building at 702 Webster Street, Oakland, California.

5. Cross-Defendants, in an Addendum to Lease dated May 24, 2006, attached herewith as Exhibit "1", agreed that they will comply with any and all American Disability Act (ADA) requirements relating to the restroom in the above mentioned premise. Cross-Claimant is informed and believe that Cross-Defendants agreed to and signed the Addendum.

Answer of D & A Café Inc. and Cross-Claim

Page 10

First Cause of Action--Indemnification

6. Cross-Claimant is currently being sued by Plaintiffs in the principal action for failure to comply with ADA requirements relating to the restroom of the above-mentioned premise.

7. Cross-Claimant contends in the Answer that it is not liable for events and occurrences described in Plaintiff's Complaint.

8. Should Cross-Claimant be found in some manner responsible to Plaintiffs or to anyone else as a result of the incidents and occurrences relating to aforementioned restroom described in Plaintiffs' complaint, Cross-claimant's liability would be based solely upon a derivative form of liability not resulting from Cross-Claimant's conduct, but only from an obligation imposed upon Cross-Claimant by law; therefore, Cross-Claimant is entitled to complete indemnity from Cross-Defendants.

Second Cause of Action—Apportionment of Fault

9. In the alternative, should all defendants in the principal action be found liable for the injuries, if any, suffered by Plaintiffs, Cross-Defendants should be required to pay a share of Plaintiffs' judgment which is in proportion to the comparative negligence of Cross-Defendants in causing Plaintiffs' damages and to reimburse Cross-Claimant for any payment Cross-Claimant make to Plaintiffs in excess to its proportional share of all defendants' negligence in the principal action.

WHEREFORE, Cross-Claimant prays for judgment for costs of suit; for such relief as is fair, just and equitable and for

10. Total and complete indemnity for any judgment rendered against Cross-Claimant; or, in the alternative,

11. Judgment in a proportionate share from Cross-Defendants.

**DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38(b), Defendant and Cross-Claimant demands jury trial of all issues raised by Plaintffs' Complaint and Cross-Claimant's cross-claim.

///

Answer of D & A Café Inc. and Cross-Claim
Page 11

Date: July 11, 2007

By: _____
David Lihwei Lin
Dhillon & Smith
Attorneys for D & A Café

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a true copy of the above answer and cross-claim upon the following parties by First Class mail, postage prepaid:

Thomas E. Frankovich
2806 Van Ness Avenue
San Francisco, CA 94109

Date: _____

---

Answer of D & A Café Inc. and Cross-Claim
Page 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

Answer of D & A Café Inc. and Cross-Claim
Page 13

ADDENDUM TO LEASE

Address of real property leased: 702 Webster Street, Oakland, California  94607.

Lessor:  Cindy and Xian S. Huang

Lessee:  Xiao Min Liu and Damon Kuang

In consideration of the terms and conditions of the lease the parties further agree:

1.  Lessees shall pay half of the real property taxes levied on the building where the leased premises are located, upon demand from Lessors, pro-rated based on the length of possession.

2.  Lessees shall immediately comply with any and all Americans with Disability Act (ADA) requirements related to the front entrance portion of the premises, at Lessee's costs and expenses. Lessors shall comply with any and all ADA requirements related to the restroom portion of the premises, at Lessors' costs and expenses.

3.  Lessees expressly waive any and all claims against Lessors for damages of any kind, and shall indemnify Lessors for any legal expenses and damages resulting from Lessees' possession and use of the leased commercial building.

4.  Lessee shall not store any material, toxic or not, at the leased premises to increase insurance risks. Violation of this covenant shall be a material breach of this lease.

In witness hereof the parties have executed this agreement.

Dated:

_____        _____  5/24/06
CINDY HUANG, LESSOR                XIAN SHENG HUANG, LESSOR

_____        _____
XIAO MIN LIU, LESSEE               DAMON KUANG, LESSEE