1  David Goldman (Bar No. 76551)
   Garret D. Murai (Bar No. 215667)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, CA  94607-4036
   Telephone:  (510) 834-6600
4  Fax:  (510) 834-1928

5  Attorneys for Defendants
   XIAN S. HUANG and CINDY Q. CAO, Trustees of
6  the XIAN HUANG AND CINDY CAO LIVING
   TRUST

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, | Case No.  C 07 2525 MMC |
|---|---|---|
| | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |
| | Plaintiffs, | |
| | vs. | |
| | D & A CAFE INC.; XIAN S. HUANG and CINDY Q. CAO, Trustees of the XIAN HUANG and CINDY CAO LIVING TRUST, | **Date:**          **March 7, 2008**<br>**Time:**          **9:00 a.m.**<br>**Department:**   **Courtroom 7, 19th Fl.**<br>**Judge:**         **Hon. Maxine M. Chesney** |
| | Defendants. | Action Filed: May 11, 2007<br>Trial Date: None |

20      Defendants XIAN S. HUANG and CINDY Q. CAO, Trustees of the XIAN HUANG and

21  CINDY CAO LIVING TRUST, respectfully submit the following Memorandum of Points and

22  Authorities:

23  **I.     INTRODUCTION**

24      On October 19, 2007, a default was entered against Defendants XIAN S. HUANG and

25  CINDY Q. CAO, Trustees of the XIAN HUANG and CINDY CAO LIVING TRUST

26  ("Defendants").  However, Defendants were **never** served with the summons or complaint.

27      On October 15, 2007, Plaintiffs CRAIG YATES and DISABILITY RIGHTS

28  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("Plaintiffs')

1  filed a Request to Enter Default. Attached as Exhibit A to the Declaration of Thomas E.
2  Frankovich was a Proof of Service of Summons which provided that service on Defendants was
3  made on a person named Arla Liu at 346 7th Street, Oakland, California. Defendants do not know
4  Ms. Liu, she is not their agent, and she is not authorized to accept service of process on their
5  behalf. Huang Decl., ¶2. Since Ms. Liu was served at 346 7th Street, Oakland, California, which
6  is the location of the property formerly leased by Defendant D & A CAFÉ, INC., presumably she
7  is or was an employee of D & A Café. *Id*.

8  Moreover, the September 18, 2007 letter attached as Exhibit B to the Declaration of
9  Thomas E. Frankovich (which Plaintiffs contend was sent to Defendants) was also **never** received
10  by Defendants. *Id.* at ¶3. The letter, like the complaint, was sent to 346 7th Street, Oakland,
11  California, the location of the property formerly leased by D & A Café. Defendants do not reside
12  at or conduct business from that address. *Id*. Indeed, Plaintiffs have admitted in other pleadings
13  filed with the Court that they sent another letter to the same address to Defendants that was
14  returned marked "Return to Sender." *See* Plaintiffs' Response to Order to Show Cause filed
15  October 18, 2007, ¶8. Defendants did not receive actual notice of this action until Plaintiffs sent
16  Defendants' counsel a letter dated October 16, 2007. Huang Decl., ¶4; Murai Decl., ¶3.

17  Once on notice of the pending action, Defendants, through their counsel, requested that
18  Plaintiffs stipulate to set aside the default by telephone on November 9 and December 11, 2007
19  and by letters dated November 13 and December 6 and 11, 2007. Murai Decl., ¶¶4-5. Plaintiffs
20  did no rebut any of the facts demonstrating lack of service and simply refused to stipulate to set
21  aside the default. *Id*. As as result, Defendants have been left with no option but to file the instant
22  motion.

23  **II.    LEGAL ARGUMENT**

24  Federal Rules of Civil Procedure, Rule 55(c) provides that a court may set-aside an entry
25  of default "for good cause." A court's discretion is "especially broad" when it is an entry of
26  default that is being set aside as opposed to a default judgment. *Brady v. United States* (9th Cir.
27  2000) 211 F.3d 499, 504. Thus, relief may be granted where a defendant demonstrates that he or
28  she received no actual notice of the action before the answer was due. *Peralta v. Heights Med.*

*Ctr., Inc.* (1988) 485 U.S. 80, 85-86.  Relief may also be granted where a defendant, even if he or she had actual notice, demonstrates defects in the service of process.  *Mason v. Genisco Technology Corp.* (9th Cir. 1992) 960 F.2d 849, 851.

Here, Defendants had no actual notice of the instant action until their counsel's receipt of Plaintiff's letter dated October 16, 2007.  This was **after** Plaintiffs had filed their Request to Enter Default.  Defendants had no actual notice of the action before then.  The complaint was served on a person named Arla Liu at 346 7th Street, Oakland, California, who Defendants do not know, who is not their agent, and who is not authorized to accept service of process on their behalf.  And Plaintiffs' September 18, 2007 letter was sent to 346 7th Street, Oakland California, which is not where Defendants reside or where they conduct business.  Plaintiffs could have properly served Defendants by simply conducting an online property search to locate the residence of Defendants.  Murai Decl., ¶6.  Plaintiffs chose not to.  As a result, service on Defendants was defective.  Based on the foregoing, good cause exists for the Court to set aside the entry of default.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court set aside the entry of default and permit Defendants to file a responsive pleading.  Defendants anticipate they will be filing a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12, on the ground that D & A Café has closed and relocated and the business premises are not presently open to the public.

Dated: January 16, 2008            **WENDEL, ROSEN, BLACK & DEAN LLP**

By:   s/Garret Murai
      Garret D. Murai
      Attorneys for Defendants
      XIAN S. HUANG and CINDY Q. CAO, Trustees of the XIAN HUANG AND CINDY CAO LIVING TRUST

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

013069.0003\833234.1

*MEMORANDUM OF POINTS AND AUTHORITIES -
Case No.  C 07 2525 MMC*            - 3 -